UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELA K.,[1]

Plaintiff,

Case # 23-CV-712-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Angela K. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 19. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In a decision dated December 3, 2013, Plaintiff was found disabled beginning on April 3, 2011. Tr.[2] 109–16. On October 10, 2017, the Social Security Administration ("SSA") determined that Plaintiff was no longer disabled since October 10, 2017. Tr. 118–39. This determination was upheld upon reconsideration. Tr. 15. Thereafter, Plaintiff filed a written request for a hearing

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6, 7, 8.

before an Administrative Law Judge. Tr. 15. On December 20, 2019, Administrative Law Judge Bonnie Hannan (the "ALJ") held a hearing. Tr. 39–72. The ALJ issued a decision on February 12, 2020, finding that Plaintiff's disability ended on October 10, 2017, and Plaintiff has not become disabled again since that date. Tr. 12–30. Plaintiff requested review by the Appeals Council, but the request was denied on November 17, 2020. Tr. 1–3. Plaintiff filed an action in the United States District Court for the Western District of New York, and the Court remanded the case to the Commissioner for further proceedings. Tr. 1768–69. On May 7, 2022, the Appeals Council remanded the case back to the ALJ for further administrative proceedings. Tr. 1773–78. On November 22, 2022, the ALJ held a hearing. Tr. 1617–53. The ALJ issued a decision on March 20, 2023, finding that Plaintiff's disability ended on October 10, 2017, and Plaintiff has not become disabled again since that date. Tr. 1556–99. Plaintiff did not file written exceptions, and the Appeals Council declined to review the ALJ's decision on its own. ECF No. 12-1 at 2; ECF No. 19-1 at 3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether

[the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II. Disability Determination**

"Where, as here, an individual has been found disabled, the SSA must conduct periodic [continuing disability reviews] to ensure that the individual remains entitled to the benefits he or she is receiving." *Jessica P. v. Comm'r of Soc. Sec. Admin.*, No. 24 CIV. 4834, 2025 WL 2506013, at *2 (S.D.N.Y. Sept. 2, 2025) (citing 20 C.F.R. § 404.1589). "The Commissioner may find that the individual is no longer disabled at a later date where substantial evidence of 'medical improvement' supports the conclusion that the claimant has become able to work." *Id.* (quotation marks and citation omitted); *see* 42 U.S.C. § 423(f)(1). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he or she was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). "To determine whether a claimant's medical condition has improved, the Commissioner must compare the current medical severity of the impairment to the medical severity of that impairment at the time of the most recent favorable medical decision." *Jessica P.*, 2025 WL 2506013, at *2 (quotation marks omitted) (quoting *Veino v. Barnhart*, 312 F.3d 578, 586–87 (2d Cir. 2002)).

The medical improvement determination involves an eight-step evaluation process. 20 C.F.R. § 404.1595. At step one, the ALJ must determine if the claimant is engaged in substantial gainful activity. *Id.* § 404.1594(f)(1). If not, then at step two, the ALJ considers whether the claimant has an impairment that meets or equals the severity of an impairment listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1. *Id.* § 404.1594(f)(2). If the claimant does not have such an impairment or combination of impairments, then the ALJ must determine at step three whether there has been any medical improvement. *Id.* § 404.1594(f)(3).

If there has been medical improvement, then the ALJ proceeds to step four to determine whether the medical improvement is related to the claimant's ability to do work, *i.e.* whether there has been an increase in the claimant's RFC, based on the impairment that was present at the time of the most recent favorable medical determination. *Id.* § 404.1594(f)(4). If no medical improvement is revealed at step three or if the ALJ concludes at step four that the improvement was unrelated to the claimant's ability to work, then the ALJ proceeds to step five to consider whether any specified exceptions apply. *Id.* § 404.1594(f)(5).

If, however, the ALJ finds that the medical improvement is related to the claimant's ability to do work, then the ALJ skips to step six to determine whether all the claimant's impairments in combination are severe. *Id.* § 404.1594(f)(6). If the impairments are found to be severe, then at step seven, ALJ must assess the claimant's RFC based on all of his or her current impairments and determine whether the claimant can still perform his or her past relevant work. *Id.* § 404.1594(f)(7). Finally, if the claimant is unable to perform his or her past relevant work, then the ALJ must determine at step eight whether the claimant is capable of performing "any other work," giving consideration to claimant's age, education, and past work experience. *Id.* § 404.1594(f)(8). If the claimant can do other work, then the ALJ will find that the disability has ended. *Id.*

For the medical improvement analysis, "the burden is with the agency to prove that the claimant is no longer disabled." *Jones v. Comm'r of Soc. Sec.*, No. 22-CV-10571, 2024 WL 916345, at *6 (S.D.N.Y. Mar. 4, 2024) (quoting *Milliken v. Saul*, No. 19-CV-09371, 2019 WL

1030606, at *33 (S.D.N.Y. Mar. 17, 2021)); *see also Denise C. v. Kijakazi,* No. 23-CV-052, 2023 WL 6065949, at *3 (N.D.N.Y. Sept. 18, 2023) ("Paramount to the medical improvement standard is the presumption that when the agency finds a claimant disabled, that disability will continue." (quoting *Milliken*, 2021 WL 1030606, at *11)).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. The ALJ first found that Plaintiff's most recent favorable medical decision that found disability was on December 3, 2013. Tr. 1561. In that regard, the ALJ observed that Plaintiff had the medical determinable impairments of cardiomyopathy, asthma, history of learning disability, depression, anxiety, and carpal tunnel syndrome, which resulted in the RFC to perform sedentary work with certain exertional and non-exertional limitations. Tr. 1561. Based upon the foregoing, the ALJ determined, under step one, that Plaintiff has not engaged in substantial gainful activity throughout the date of that decision. Tr. 1561.

At step two, the ALJ found that since October 10, 2017, Plaintiff had the following medically determinable impairments: cardiomyopathy; heart condition, status post-surgery; hypothyroidism; hyperlipidemia; cervical spine disorder; lumbar spine disorder; fibromyalgia; hearing loss; history of carpal tunnel syndrome, status post-surgery; history of transient ischemic attack and cerebral infarction without residual deficits; gastroesophageal reflux disease; obesity; asthma; migraine; attention deficit hyperactivity disorder; history of learning disability; borderline intellectual functioning; depression; and anxiety. Tr. 1561. However, the ALJ found that since October 10, 2017, Plaintiff does not have an impairment or combination of impairments that met

or medically equaled one of the listed impairments in Appendix 1 of Subpart P of Regulation No. 404. Tr. 1561.

At step three, the ALJ found that medical improvement occurred on October 10, 2017. Tr. 1569, 1572. At step four, the ALJ found that Plaintiff's medical improvement is related to the ability to work because it resulted in an increase in Plaintiff's RFC. Tr. 1573. Next, the ALJ found that since October 10, 2017, Plaintiff has continued to have a severe impairment or combination of impairments of: cardiomyopathy; heart condition, status post-surgery; cervical spine disorder; lumbar spine disorder; fibromyalgia; obesity; asthma; migraine; attention deficit hyperactivity disorder; borderline intellectual functioning; depression; and anxiety. Tr. 1573. The ALJ then found that Plaintiff had the RFC to perform light work with additional nonexertional limitations. Tr. 1574.

At step seven, the ALJ found that Plaintiff has no past relevant work. Tr. 1597. At step eight, the ALJ found that, given her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 1597. Accordingly, the ALJ found that Plaintiff's disability ended on October 10, 2017, and Plaintiff has not become disabled again since that date. Tr. 1598.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ: (1) failed to give "good reasons" for rejecting the medical opinions of Plaintiff's mental health providers, Dr. Horatio Capote and Physician Assistant ("PA") Michael Asbach; and (2) failed to adequately explain why she rejected portions of the medical opinions from the state agency mental health consultants, Dr. O. Fassler and Dr. L. Haus. ECF No. 12-1 at 31–38. The Court analyzes each argument below.

**a. Evaluation of the Medical Opinions of Dr. Capote and PA Asbach**

Plaintiff argues that the ALJ erred by failing to provide "good reasons" for declining to give controlling weight to the joint opinion of Plaintiff's treating psychiatric providers. ECF No. 12-1 at 33. Specifically, Plaintiff argues that the ALJ did not explicitly consider the frequency, length, nature, extent of treatment, and the specialties of Dr. Capote and PA Asbach, or how they were consistent with each other and Plaintiff's treatment records. *Id.* at 33–35. Plaintiff contends that instead, the ALJ cherry-picked the record to justify giving "little weight" to the medical opinions of Dr. Capote and PA Asbach. *Id.* at 34–35. Furthermore, Plaintiff argues that remand is warranted because the ALJ failed to address portions of the medical opinions related to Plaintiff's absenteeism. *Id.* at 35. The Court will discuss each argument in turn.

Plaintiff filed her claim prior to March 27, 2017, at which time the treating physician rule was still in effect. *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 F. App'x 34, 35 (2d Cir. 2017) (summary order). Under the treating physician rule, an ALJ must give a treating physician's opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (quotation marks, brackets, and citation omitted). However, an ALJ may discount a treating physician's opinion if it is conclusory or "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

When the ALJ does not afford controlling weight to the medical opinion of a treating physician, she must comprehensively consider several factors, the so-called "*Burgess* factors," and set forth the reasons for the weight assigned to the treating physician. *See Id.* "Under *Burgess*, the ALJ must (1) decide whether a treating physician's medical opinion merits 'controlling weight'

and, (2) if it does not, then 'determine how much weight, if any, to give it' based on certain factors such as length of treatment and type of health care provider[.]" *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 (2d Cir. 2021) (summary order) (citations omitted). The ALJ's "[f]ailure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted). However, remand is not required where the application of the correct legal principles to the record could lead only to the same conclusion. *See Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (the ALJ's decision should be affirmed if a review of the record assures the court "that the substance of the treating physician rule was not traversed," *i.e.*, if the record otherwise provides "good reasons" for assigning less than controlling weight to it).

Plaintiff is correct that when assigning "little weight" to the medical opinions, the ALJ did not explicitly discuss the frequency, length, nature, and extent of treatment, or the specialties of PA Asbach and Dr. Capote. ECF No. 12-1 at 33; Tr. 1591. Notwithstanding, the ALJ provided sufficient "good reasons" for the weight assigned to the opinion. *See Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summary order) (the ALJ need not undertake a "slavish recitation of each and every factor" where the ALJ's "reasoning and adherence to the regulation are clear").

Here, the ALJ summarized the opinions of PA Asbach and Dr. Capote, which found that Plaintiff has many limitations, including various extreme limitations or inability to function and marked or serious limitations. Tr. 1041–43, 1591. The ALJ afforded "little weight" to these opinions because they were inconsistent with Plaintiff's own testimony and Plaintiff's medical records from August 22, 2018, April 10, 2019, April 29, 2019, December 21, 2020, March 29, 2021, August 19, 2022, and October 24, 2022. Tr. 1591–93. For instance, the ALJ noted that PA Asbach and Dr. Capote opined that Plaintiff had moderate, marked, serious, or extreme limitations

in her ability to maintain attention for two-hour segments; to function in staying on task; to function in working in coordination with or proximity to others without being unduly distracted; to cooperate and handle conflict with others; to keep social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness; to understand and remember short and simple instructions; and to perform at a consistent pace without interruption from symptoms or an unreasonable number and length of breaks. Tr. 1041–43, 1591. However, the ALJ found that the examination records stated that Plaintiff, *inter alia*, demonstrated the ability to follow commands/requests, demonstrated no psychomotor agitation/retardation, was cooperative, demonstrated no tremors or abnormal movements, was alert, had linear and goal directed thought processes, had fair insight/judgment, had no observed/inquired deficits in attention, concentration, or distractibility, and had no observed/inquired deficits in information, vocabulary, and abstraction. Tr. 976, 1591–92, 2636–37, 2837–38, 3896–97. The ALJ also noted that Plaintiff testified that she worked at the admissions department of a tourist job between May and October 2022, working six hours per day on her feet in "really hot" outdoor weather and interacting with customers. Tr. 1592, 1627–28. Plaintiff further testified that she got along well with the people who she interacted and worked with, and that when she is not working, she "hang[s] out with friends." Tr. 1592, 1630–31. Having considered the evidence, the ALJ found that the restrictive opinions of PA Asbach and Dr. Capote were not consistent with the record. Tr. 1592–93.

The Court concludes that the ALJ gave "good reasons" for giving little weight to the medical opinions of PA Asbach and Dr. Capote. Throughout the decision, the ALJ provided a thorough explanation about how these medical opinions were inconsistent with the medical record and Plaintiff's hearing testimony. Tr. 1592–93. Therefore, the Court finds no reason to disturb the ALJ's evaluation of the medical opinions of PA Asbach and Dr. Capote. *See Guerra v. Saul*,

778 F. App'x 75, 77 (2d Cir. 2019) (summary order) ("Supported by ample treatment notes, physical examination findings, and [plaintiff's] testimony, the ALJ's assignment of less than controlling weight to [plaintiff's] treating physician's opinions was not in error.").

Plaintiff also argues that the ALJ cherry-picked the record because the ALJ neglected to include parts of the record that support PA Asbach and Dr. Capote's opinion that Plaintiff has mental limitations. ECF No. 12-1 at 34–35. The Court disagrees. As stated, the ALJ referred to various reports of Plaintiff's examination and her hearing testimony, thus indicating that substantial evidence supports the ALJ's decision. An ALJ's findings relating to the regulatory factors that are reasonably supported by the record "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); *see Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021) (finding that the mere fact that a claimant can identify other evidence to support a different assessment of the relevant factors does not entitle her to relief).

For the reasons above, remand is not warranted on this ground.[3]

**b. Evaluation of the Medical Opinions of Dr. Fassler and Dr. Haus**

Plaintiff argues that despite giving "partial weight," the ALJ failed to explain why he rejected the portion of the medical opinions of Dr. Fassler and Dr. Haus related to Plaintiff's absenteeism, which was supported by other evidence in the record. ECF No. 12-1 at 37–38.

[3] Plaintiff also argues that remand is warranted because the ALJ failed to address portions of the medical opinions related to Plaintiff's absenteeism. ECF No. 12-1 at 35. However, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In this instance, as the Court explained, substantial evidence supports the ALJ's decision to give little weight to the medical opinions of PA Asbach and Dr. Capote, which were inconsistent with the record. Therefore, Plaintiff's argument is unavailing and remand is not warranted on this ground.

In May 2021, Dr. Fassler provided a medical opinion about Plaintiff, including how Plaintiff has moderate limitations with the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Tr. 1678. In October 2021, Dr. Haus confirmed this limitation upon reconsideration. Tr. 1734. The ALJ gave "partial weight" to the medical opinions of Dr. Fassler and Dr. Haus, but did not discuss the specific portion of the opinions about Plaintiff's moderate limitation in maintaining regular attendance and being punctual. Tr. 1593.

"Where the evidence of record permits the court to glean the rationale of an ALJ's decision, the ALJ is not required to explain why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (quotation marks and brackets omitted) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Here, the record allows this Court to sufficiently glean the ALJ's rationale in finding that Plaintiff is not limited regarding absenteeism. In his decision, the ALJ found persuasive the portions of the medical opinion of psychological consultative examiner Dr. Susan Santarpia from September 2017 and August 2022 opinion that Plaintiff is able to sustain an ordinary routine and regular attendance at work. Tr. 672, 1593, 3893. The ALJ also found persuasive the portion of the March 2021 opinion of psychological consultative examiner Dr. Todd Deneen who opined that Plaintiff is able to sustain an ordinary routine and regular attendance at work. Tr. 1594, 2637. The ALJ also discussed Plaintiff's testimony that she worked at a seasonal job where she worked six hours per day and got along well with the people she worked with. Tr. 1591, 1627–28.

As such, while the ALJ did not explicitly mention the portions of the medical opinions of Dr. Fassler and Dr. Haus regarding Plaintiff's absenteeism, the record makes clear that the ALJ

considered other persuasive evidence in the record that found Plaintiff was capable of sustaining an ordinary routine and regular attendance at work. Because "the evidence of record [thus] permits [the Court] to glean the rationale of [the] ALJ's decision," remand is not warranted. *Mongeur*, 722 F.2d at 1040; *compare with Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record"). In this regard, the fact that Plaintiff can point to other evidence that can "support contrary findings" does not entitle her to remand. *See Genier*, 606 F.3d at 49; *Emery S.*, 2021 WL 2592363, at *4.

For the reasons above, remand is not warranted on this ground.

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 19) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 23, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York